# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA DIAZ,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>ALTERNATIVE RECOVERY MANAGEMENT,<br><br>　　　　　　Defendant. | NO. 12-CV-1742-MMA(BGS)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES<br><br>[Doc. No. 19] |

Plaintiff moves the Court to strike fifteen of Defendant's affirmative defenses. The Court finds the matter suitable for decision on the papers, without oral argument, pursuant to Local Civil Rule 7.1. Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." For purposes of this rule, "[i]mmaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotations and citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994).

"Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (internal quotations and citations omitted). In order to show that a defense is insufficient, "the moving party must demonstrate that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Secs. & Exchange Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). Ultimately, the decision about whether to strike allegations is a matter within the Court's discretion. *Id.*

## II. DISCUSSION

As an initial matter, Plaintiff argues that the Court should apply the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) to determine whether Defendant has adequately pled its affirmative defenses. Plaintiff argues that if the Court applies *Twombly* and *Iqbal*, it must conclude that Defendant has failed to adequately plead its affirmative defenses. Neither the Supreme Court nor the Ninth Circuit have addressed this question, and district courts are split on the issue. However, the judges of this District have consistently declined to apply *Twombly* and *Iqbal* to affirmative defenses. *See, e.g.*, *Roe v. City of San Diego*, 2013 U.S. Dist. LEXIS 30986 (S.D. Cal. Mar. 5, 2013) (Whelan, J.); *Rapp v. Lawrence Welk Resort*, 2013 U.S. Dist. LEXIS 11966 (S.D. Cal. Jan. 28, 2013) (Benitez, J.); *Weddle v. Bayer AG Corp.*, 2012 U.S. Dist. LEXIS 40978 (S.D. Cal. Mar. 26, 2012) (Sammartino, J.); *Meas v. CVS Pharm., Inc.*, 2011 U.S. Dist. LEXIS 76276 (S.D. Cal. July 14, 2011) (Miller, J.); *J & J Sports Prods. v. Scace*, 2011 U.S. Dist. LEXIS 60270 (S.D. Cal. May 27, 2011) (Hayes, J.). The Court joins the conclusions of the judges of this District.

1 Accordingly, "[t]he key to determining the sufficiency of pleading an affirmative
2 defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo*
3 *Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607
4 F.2d 824, 827 (9th Cir. 1979)).

5 The Court also rejects Plaintiff's argument that defenses to FDCPA claims are
6 "limited to those set out in the statute." The two cases Plaintiff cites do not support
7 this purported statement of law. To the contrary, courts have found that the FDCPA
8 does not exclude non-statutory defenses. *See, e.g.*, *Perez v. Gordon & Wong Law*
9 *Grp., P.C.*, 2012 U.S. Dist. LEXIS 41080, at *28-34 (N.D. Cal. Mar. 26, 2012).

10 Upon reviewing the relevant portions of the Answer, the Court finds
11 Defendant has adequately pled some of its defenses such that Plaintiff has fair
12 notice.[1] Some of the defenses asserted preserve Defendant's ability to invoke them
13 later in the case, as failing to assert them in the Answer constitutes waiver. *See* Fed.
14 R. Civ. P. 8(c)(1); William W. Schwarzer, *et al.*, *Cal. Prac. Guide: Fed. Civ. Pro.*
15 *Before Trial* § 8:1007 (The Rutter Group 2012). Any lack of factual detail in these
16 defenses may be remedied through the formal discovery process, as is done in the
17 vast majority of cases.

18 The foregoing notwithstanding, the following affirmative defense are stricken,
19 as they fail as a matter of law, or clearly do not apply to the allegations in, or subject
20 matter of, the Complaint:

21 • First: Failure to state a cause of action. *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010).

23 • Sixth: Unconscionability. Unconscionability is a defense available in cases involving contracts for the purposes of invalidating a contract. *See Michel v. Deutsche Bank Trust Co.*, 2012 U.S. Dist. LEXIS 134949, at *24-26 (E.D. Cal. Sept. 20, 2012).

25 • Tenth: Set off. The Complaint makes no mention of any benefit Plaintiff received such that Defendant would be entitled to set off. *See J&J Sports*

---

[1] These defenses are those which remain after the Court strikes Defendant's remaining defenses, as set forth below.

*Prods. v. Bear*, 2013 U.S. Dist. LEXIS 27084, at *15-16 (E.D. Cal. Feb. 26, 2013).

- Eleventh: Obligations not contracted for. This defense bears no relation to the allegations in the Complaint. The Complaint does not in any way allege "obligations that are nonexistent, not contracted for, and outside the agreement of the parties . . . ."

- Fourteenth: Lack of essential element. "Negligent supervision" is in no way related to the subject matter of this case.

- Fifteenth: Acts of others. *See J&J Sports Prods.*, 2013 U.S. Dist. LEXIS 27084, at *15-16.

- Sixteenth: Additional affirmative defenses. *G & G Closed Circuit Events, LLC v. Nguyen*, 2010 U.S. Dist. LEXIS 104980, at *13-14 (N.D. Cal. Sept. 23, 2010).

### III. CONCLUSION

Plaintiff's motion to strike affirmative defenses is **GRANTED IN PART and DENIED IN PART.** Accordingly, the following affirmative defenses are **STRICKEN**: First, Sixth, Tenth, Eleventh, Fourteenth, Fifteenth, and Sixteenth. Defendant is granted leave to file a First Amended Answer, but only for the specific, limited purposes of deleting the stricken affirmative defenses from the Answer. Defendant shall file the First Amended Answer no later than May 14, 2013.

**IT IS SO ORDERED.**

DATED: May 8, 2013

*[signature]*

Hon. Michael M. Anello
United States District Judge