Michael L. Crowley (SBN 117008)
Andre L. Verdun (SBN 265436)
**CROWLEY LAW GROUP**
401 West "A" Street, Ste. 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
AndreVerdun@CrowleyLawGroup.com

Eric A. LaGuardia (SBN 272791)
**LAGUARDIA LAW**
3245 University Ave, #1
San Diego, CA 92104
Tel.  (619) 655-4322
Fax.  (619) 655-4344
eal@laguardialaw.com

Attorneys for Plaintiff,
Tamara Diaz

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA DIAZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ALTERNATIVE RECOVERY MANAGEMENT, an assumed name for the Kubler Corporation,<br><br>Defendant. | **Case No.: 12CV1742 MMA BGS**<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

FIRST AMENDED COMPLAINT - 1

## INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); the California Rosenthal Act, Civil Code § 1788 *et seq.* ("Rosenthal Act"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Any violations by Defendant were knowing, willful, and intentional, except as to count III in which the defendant was negligent, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d). Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Because Defendants do business within the State of California, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391.

## PARTIES

6. Plaintiff, TAMARA DIAZ, ("Plaintiff"), is a natural person residing in the State of California.

7. Defendant ALTERNATIVE RECOVERY MANAGEMENT, an assumed name for the Kubler Corporation, ("Defendant"), is a company doing business collecting debts in California operating from an address at 8204 PARKWAY DRIVE., SUITE #9, LA MESA, CALIFORNIA, 91942.

8. Defendant is engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another.

9. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

10. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

11. The purported debt that Defendant attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

12. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

13. The purported debt which Defendant attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code 1788.2(f).

## FACTUAL ALLEGATIONS

14. Plaintiff has received telephone calls from Defendant. Each telephone is a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

15. In its contacts with Plaintiff, Defendant has threatened to sue Plaintiff; threatened to garnish Plaintiff's wages; threatened to harm Plaintiff's credit; threatened to report the alleged debt onto Plaintiff's credit report; and even threatened to report the alleged debt onto Plaintiff's husband's credit report, all as means to get Plaintiff to pay the alleged debt.

16. To date, Plaintiff has not been sued by Defendant and Defendant admits it never intended to sue Plaintiff.

17. By engaging in the above conduct, Defendant threatened to take action that cannot be legally taken or is not intended to be taken in violation of 15 U.S.C. 1692e(5).

18. By engaging in the above conduct, Defendant engaged in false, deceptive, or misleading representation or means in connection with attempting to collect an alleged debt in violation of 15 U.S.C. 1692e.

19. By engaging in the above conduct, Defendant violated the language in 15 U.S.C § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt.

20. Because Defendant violated the language in 15 U.S.C. § 1692e and d, Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692e and d.

21. In its conversations with Plaintiff, Defendant's representatives have failed to identify themselves.

22. By engaging in the above conduct, Defendant violated the language in 15 U.S.C § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity.

23. Because Defendant violated the language in 15 U.S.C. § 1692d(6), Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692d(6).

24. Defendant is attempting to collect an alleged debt that is an amount in excess of any amount owed by Plaintiff.

25. By engaging in the above conduct, Defendant violated the language in 15 U.S.C § 1692f(1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

26. By engaging in the above conduct, Defendant engaged in false, deceptive, or misleading representation or means in connection with attempting to collect an alleged debt in violation of 15 U.S.C. 1692e.

27. Because Defendant violated the language in 15 U.S.C. § 1692f(1) and e, Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692f(1) and e.

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

28. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs. The foregoing acts and omissions constitute numerous and

multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

29. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II
## ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT
## (ROSENTHAL ACT)
## CAL. CIV. CODE §§ 1788-1788.32

30. Plaintiff repeats, re-alleges, and incorporates by reference, all other Paragraphs.

31. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

32. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## COUNT III
## NEGLIGENCE

33. Plaintiff repeats, re-alleges, and incorporates by reference, all other Paragraphs.

34. Defendant's outrageous and intrusive acts as described herein constituted negligence.
35. Defendant negligently inflicted emotional distress, aggravation, anxiety and financial harm to Plaintiff.
36. Defendant breached a duty imposed and failed to exercise ordinary care.
37. Defendant owed Plaintiff a duty to refrain from unlawful debt collections (California Civil Code §1788 *et seq.* and Title 15 USC 1692 *et seq.*).
38. The breach of such duty proximately caused injury to Plaintiff.
39. The injury resulted from an occurrence the nature of which these statutes were designed to protect Plaintiff from.
40. Plaintiff is a member of the class of persons the statutes were designed to protect.
41. Defendant's conduct, as described herein, was wrongful conduct in that Defendant conducted its business in an abusive, oppressive, and harassing manner.
42. Defendant negligently trained, supervised, and retained, its employees and agents.
43. Defendant's wrongful conduct as described herein actually and proximately caused the Plaintiff severe and serious emotional distress, anxiety and aggravation in that the Defendant's wrongful conduct has caused harm as described above.
44. It is clearly foreseeable that Defendant's actions as described herein could cause harm, including severe and serious emotional distress
45. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial. Defendant's wrongful conduct as described herein actually and proximately caused the Plaintiff's harm as noted above.

///

46. Defendant acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

## PRAYER FOR RELIEF

47. WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

    • An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    • An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    • An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

    • An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a);

    • An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

    • An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

    • An award of punitive damages.

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

LAGUARDIA LAW

Dated:  July 19, 2013         By:   s/Eric A. LaGuardia
                                    ERIC A. LAGUARDIA
                                    Attorneys for Plaintiff,
                                    Tamara Diaz